UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ronnie Jackson,    Civ. No. 23-3624 (PAM/DJF)

　　　　　　　Plaintiff,

v.    **MEMORANDUM AND ORDER**

James Betz, and Jennifer Shaft,
sued in their individual capacities,

　　　　　　　Defendants.

---

This matter is before the Court on Defendants James Betz and Jennifer Shaft's Motion for Summary Judgment. (Docket No. 42.) For the following reasons, the Motion is granted.

## BACKGROUND

Plaintiff Ronnie Jackson brings this action under 42 U.S.C. § 1983 claiming that Defendants Dr. James Betz, a dentist, and Jennifer Shaft, a Health Service Administrator, violated his Fourteenth Amendment right to be free from cruel and unusual punishment through deliberate indifference to his serious medical needs while he was incarcerated at the Hennepin County Jail.[1] (See generally Am. Compl. (Docket No. 17).) Jackson's medical intake record from September 1, 2023, indicates that he

---

[1] Jackson alleges an Eighth Amendment violation, but the Court liberally construes a pro se plaintiff's pleadings. Fed. R. Civ. P. 8(e); Erickson v. Pardus, 551 U.S. 89, 94 (2007). As explained below, because Jackson was a pretrial detainee during the relevant time period, his claim is brought under the Fourteenth Amendment claim, rather than the Eighth Amendment.

described pain in his left cheek emanating from a tooth. (Med. Rec. (Docket No. 46) Ex. A. at 6.)[2] On September 7, 2023, Jackson saw a nurse, but did not indicate a dental concern at that visit. (Med. Rec. at 18–20.) However, during a visit with a nurse practitioner on September 12, 2023, Jackson complained of tooth pain, and was given ibuprofen and oral gel. (Am. Compl. ¶ 8; Med. Rec. at 20.) The nurse practitioner also added Jackson to the list to see a dentist. (Id.) The following week, Jackson saw a nurse practitioner, and reported ongoing dental issues. (Med. Rec. at 40.) The nurse practitioner prescribed an antibiotic and instructed Jackson to contact medical if he had new or worsening symptoms. (Id.) On September 23, 2023, Jackson saw a nurse practitioner due to stomach pain—he did not indicate tooth discomfort. (Id. at 41.)

On October 4, 2023, Jackson saw Dr. Betz. (Am. Compl. ¶ 13; Med. Rec. at 50–51.) The medical record from this visit indicates that Jackson reported tooth pain and sensitivity related to tooth #19, and that Dr. Betz's examination revealed broken teeth and decay. (Med. Rec. at 51.) Dr. Betz advised Jackson of his treatment options to either fill the tooth or extract it. (Id.) Jackson opted to fill the tooth with temporary restoration, and Dr. Betz instructed him to have a final restoration completed after leaving the facility. (Id.) At the visit, Jackson stated that his tooth already felt better and that it was no longer causing pain when he spoke or breathed. (Id.) Dr. Betz instructed Jackson to call the clinic if his pain increased or if swelling occurred. (Id.)

---

[2]   Page cites to Exhibit A refer to the ECF page number, as the document is not continuously paginated.

Following the appointment with Dr. Betz, Jackson's medical record reflects that he had thirteen subsequent healthcare visits through the duration of his incarceration at the facility. (Id. at 54, 56, 58–64, 66–67, 68, 70–76, 78–79, 80, 82, 88–94, 96, 110, 114, 116, 118, 120–27, 130.) There is no indication that Jackson reported a dental issue at any of those appointments.

Defendants move for summary judgment as to Jackson's sole claim of deliberate indifference to his serious medical needs.

**DISCUSSION**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must view the evidence and inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Tolan v. Cotton, 572 U.S. 650, 660 (2014). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A dispute is genuine if the evidence could cause a reasonable jury to return a verdict for the nonmoving party. Id. at 248.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a right secured by the Constitution and the laws of the United States and

3

that the deprivation was committed by a person acting under the color of state law." Alexander v. Hedback, 718 F.3d 762, 765 (8th Cir. 2013) (citing Lind v. Midland Funding, L.L.C., 688 F.3d 402, 405 (8th Cir. 2012)); see 42 U.S.C. § 1983.  Under the Eighth Amendment, prison officials are required to provide medical care to inmates. Laughlin v. Schriro, 430 F.3d 927, 928 (8th Cir. 2005) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)).  Although "[t]he Eighth Amendment does not apply to pretrial detainees, . . . the Due Process Clause of the Fourteenth Amendment imposes analogous duties on jailers to care for detainees."  Christian v. Wagner, 623 F.3d 608, 613 (8th Cir. 2010) (citing City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)).

Thus, to establish a claim under the Fourteenth Amendment, Jackson must demonstrate both that he had an objectively serious medical need, and that Defendants knew of this need but deliberately disregarded it.  Schaub v. VonWald, 638 F.3d 905, 914 (8th Cir. 2011). An objectively serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quoting Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)).  "Whether a prison's medical staff deliberately disregarded the needs of an inmate is a factually-intensive inquiry."  Meuir v. Greene Cnty. Jail Employees, 487 F.3d 1115, 1118 (8th Cir. 2007) (citing Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997)).  "[D]eliberate indifference includes something more than negligence but less than actual intent to harm; it requires proof of a reckless disregard of the known risk."  Reynolds v. Dormire, 636 F.3d 976, 979 (8th Cir. 2001)

4

(quoting Crow v. Montgomery, 403 F.3d 598, 602 (8th Cir. 2005)). A plaintiff cannot establish a constitutional violation for conduct that is merely negligent. Estelle, 429 U.S. at 106.

Jackson fails to establish that he had an objectively serious medical need or that Defendants knew of such a need and were deliberately indifferent to it.[3] The Amended Complaint states that Jackson began experiencing tooth pain between September 1 and September 7, 2023 (Am. Compl. ¶ 6), but when he saw a nurse on September 10, the medical record does not indicate that he reported any dental concerns. (Med. Rec. at 16–17.). When Jackson complained of tooth pain on September 12, 2023, a nurse practitioner provided ibuprofen and oral gel to alleviate his symptoms and placed him on a list to see a dentist. (Am. Compl. ¶ 8; Med. Rec. at 20.) On September 18, 2023, Jackson reported ongoing tooth-related pain, and a nurse practitioner provided antibiotics, reiterated that he was on the list to see a dentist, and advised him to contact medical if his symptoms worsened or new symptoms arose. (Med. Rec. at 30, 40.) Although Jackson visited a nurse later in September, he did not report tooth pain. (Id. at 41.)

To the extent that Jackson contends that his claim is premised on a delay in treatment, the record contradicts this argument. When a claim for deliberate indifference is premised on a delay in medical treatment, "the objective seriousness of the deprivation should also be measured by reference to the effect of delay in treatment.

---

[3]   Although Jackson's responsive memorandum was filed out of time, the Court exercised its discretion and considered his submissions. See Sugarbaker v. SSM Health Care, 187 F.3d 853, 855–56 (8th Cir. 1999).

To establish this effect, the inmate must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment." Laughlin, 430 F.3d at 929 (quotations omitted). Jackson fails to provide any evidence to demonstrate a harmful effect from any alleged delay in treatment. To the contrary, the record demonstrates that Jackson received care for his tooth-related symptoms in the month leading up to his appointment with Dr. Betz.

Ultimately, when Jackson saw Dr. Betz on October 4, 2023, Dr. Betz addressed his concerns, Jackson chose a treatment plan, Dr. Betz performed the treatment, and Jackson immediately reported that he was no longer experiencing discomfort. (Am. Compl. ¶ 13; Med. Rec. at 50–51.) Jackson does not point to any evidence demonstrating that he continued to report tooth-related pain following his October 4, 2023, appointment, much less that Defendants knew of such a complaint and recklessly disregarded the risk it posed to Jackson. Indeed, the medical record is void of any such indication. Jackson utterly fails to demonstrate any material fact in dispute demonstrating an objectively serious medical need to which Defendants were deliberately indifferent.[4]

There is no genuine dispute of material fact, and Defendants are entitled to judgment as a matter of law.

---

[4] Jackson contends that Defendants never provided his medical record to him, but Defendants sent him an email message with a link containing his medical record on June 20, 2024. (Docket No. 54-1.)

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendants' Motion for Summary Judgment (Docket No. 42) is **GRANTED**; and

2. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: November 26, 2024

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge